IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| DEBRA ONO-YAMAGUCHI, | ) | CV. NO.  10-00386 DAE LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INDYMAC MORTGAGE | ) | |
| SERVICES, a division of | ) | |
| ONEWEST BANK, FSB; | ) | |
| ONEWEST BANK, FSB; DOES | ) | |
| 1–20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS
COMPLAINT; AND (2) DENYING AS MOOT PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the motions and the supporting and

opposing memoranda, the Court **GRANTS** Defendants' Motion to Dismiss

Complaint (Doc. # 7) and **DENIES AS MOOT** Plaintiff's Motion for Partial

Summary Judgment (Doc. # 9).

BACKGROUND

On July 12, 2010, Plaintiff Debra Ono-Yamaguchi ("Plaintiff") filed a

complaint against Defendants IndyMac Mortgage Services, OneWest Bank, FSB,

and Does 1–20 ("Defendants") alleging that Plaintiff had been lured into a predatory mortgage loan.[1]  (Doc # 1.)  Specifically, Plaintiff's complaint alleges Counts: (Count I) violations of the Truth in Lending Act ("TILA") entitling Plaintiff to rescission of the mortgage and recoupment of expenses (id. ¶¶ 22–34); (Count II) violations of TILA entitling Plaintiff to loan damages (id. ¶¶ 35–36); (Count III) violations of the Real Estate Settlement Procedures Act ("RESPA") (id. ¶¶ 37–40); (Count IV) unfair or deceptive acts or practices (id. ¶¶ 41–52); (Count V) fraud (id. ¶¶ 53–59); (Count VI) civil conspiracy (id. ¶¶ 60–64); (Count VII) aiding and abetting (id. ¶¶ 65–69); (Count VIII) injunctive relief for lack of standing (id. ¶¶ 70–78); and (Count IX) fraudulent concealment entitling Plaintiff to tolling of the statute of limitations (id. ¶¶ 79–80).

Plaintiff is a "natural person residing in the State of Hawai`i."  (Id. ¶ 9.)  On October 5, 2006, Plaintiff entered into a loan transaction with Defendants to refinance her principal residence, located at 2133 Kinoole Street, Hilo, Hawai`i ("Subject Property").  (Id. ¶ 13.)  On December 1, 2009, Defendant OneWest Bank

---

[1] This is not the first time Plaintiff has initiated a lawsuit against Defendants. On January 4, 2010, Plaintiff filed a complaint against Defendants in a separate lawsuit, CV 10-00006, which was assigned to Judge Michael Seabright in this Court.  (CV 10-00006, Doc. #1.)  On February 12, 2010, Defendants filed a Motion to Dismiss.  (CV 10-00006, Doc. # 5.)  On April 7, 2010, Plaintiff filed a Notice of Voluntary Dismissal.  (CV 10-00006, Doc. # 12.)  Plaintiff initiated the instant suit after the prior action had been dismissed.

filed a notice of mortgagee's intent to foreclose on the Subject Property.  (See id. ¶ 7; Opposition to Motion to Dismiss "Opp'n to MTD" at 2.)  It appears that Defendant OneWest Bank has not yet conducted the auction sale.  (See Compl. ¶ 71.)

Plaintiff alleges that based upon Defendants' failure to provide necessary documents and information, Plaintiff was "lured into accepting, and executing a mortgage and note directly resulting in financial benefit to Defendants . . . [and] to the financial detriment of Plaintiff."  (Id. ¶ 15.)  Specifically, Plaintiff claims that she received both the initial truth in lending disclosure statement and the initial good faith estimate on the same day that she received the mortgage and note, which violates TILA and RESPA respectively.  (Id. ¶¶ 25, 38.)  Plaintiff also contends that Defendants failed to comply with RESPA when they executed a settlement statement more than one month after the mortgage and note.  (Id. ¶ 39.)  Finally, Plaintiff asserts various state law claims on the basis that Defendants engaged in "predatory lending practices" by "purporting to offer Plaintiff lower monthly payments in the mortgage and note, which would only be available for a short period of time after which payments would increase dramatically and adjust for the remainder of the loan."  (Id. ¶ 20.)

On August 6, 2010, Defendants filed a Motion to Dismiss arguing the following: (1) Plaintiff's federal claims are barred by the statute of limitations; (2) Plaintiff's state law claims should be dismissed for lack of jurisdiction, are barred by the statute of limitations, and/or lack merit; and (3) Plaintiff's complaint fails to state a claim for relief that is plausible on its face.  (Doc. # 7.)  On August 26, 2010, Plaintiff filed an Opposition.  (Doc. # 11.)  On September 2, 2010, Defendants filed a Reply.  (Doc. # 12.)

On August 12, 2010, Plaintiff filed a Motion for Partial Summary Judgment on the basis that Defendant OneWest Bank had no interest in the mortgage and note when it recorded a notice of mortgagee's intention to foreclose.  (Doc. # 9.)  On September 2, 2010, Defendants filed an Opposition.  (Doc. # 13.)  On September 10, 2010, Plaintiff filed a Reply.  (Doc. # 15.)

<u>STANDARD OF REVIEW</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint.  <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable

legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal

quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a

"plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must

include enough facts to raise a reasonable expectation that discovery will reveal

evidence and may not just provide a speculation of a right to relief.  Id. at 586.

When a complaint fails to adequately state a claim, such deficiency should be

"exposed at the point of minimum expenditure of time and money by the parties

and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or

portions thereof, it must consider whether to grant leave to amend.  Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")

(internal quotations and citations omitted).

Rule 56 requires summary judgment to be granted when "the

pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled

to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't

of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d

1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of

factually unsupported claims and defenses.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

323–24 (1986).

Summary judgment must be granted against a party that fails to

demonstrate facts to establish what will be an essential element at trial.  <u>See</u> <u>id.</u> at

323.  A moving party without the ultimate burden of persuasion at trial—usually,

but not always, the defendant—has both the initial burden of production and the

ultimate burden of persuasion on a motion for summary judgment.  <u>Nissan Fire &</u>

<u>Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden

initially falls upon the moving party to identify for the court those "portions of the

materials on file that it believes demonstrate the absence of any genuine issue of

material fact."  <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d

626, 630 (9th Cir. 1987) (citing <u>Celotex Corp.</u>, 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the

nonmoving party "must set forth specific facts showing that there is a genuine

issue for trial" and may not rely on the mere allegations in the pleadings.  <u>Porter</u>,

419 F.3d  at 891 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256

(1986)).  In setting forth "specific facts," the nonmoving party may not meet its

burden on a summary judgment motion by making general references to evidence

without page or line numbers.  <u>S. Cal. Gas Co. v. City of Santa Ana</u>, 336 F.3d 885,

889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.  Further, the Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (citing Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996). "Conclusory allegations unsupported by factual data cannot defeat summary judgment." Rivera v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003).

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving

party.  <u>Porter</u>, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  <u>Id.</u>; <u>see also</u> <u>Nelson v. City of Davis</u>, 571 F.3d 924 (9th Cir. 2009) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (citations omitted).  However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party.  <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.

<u>DISCUSSION</u>

The Court will address the issues in the following order: (1) TILA violations; (2) RESPA violations; and (3) state law claims.  For the reasons set forth below, the Court concludes that Plaintiff's TILA and RESPA claims are barred by the statute of limitations.  The Court declines to assert supplemental jurisdiction over Plaintiff's state law claims and determines that they should be dismissed as well.[2]

---

[2] Plaintiff argues that the Court should address its Motion for Partial Summary Judgment before it addresses Defendants' Motion to Dismiss.  (Opp'n to MTD at 4–5.)  Plaintiff cites no legal authority for this contention and instead relies on its assertion that addressing Defendants' Motion to Dismiss would "set a bad precedent and undermine the integrity of the judicial system."  (<u>Id.</u> at 5.)  The Court is not persuaded by this argument and will proceed to consider Defendants'

(continued...)

I.      <u>Truth in Lending Act Violations</u>

Counts I and II of the Complaint allege that Defendants violated TILA by failing to provide Plaintiff with the initial truth in lending statement within three business days of the initial application.[3] (Compl. ¶ 25.) Plaintiff asserts rescission, civil liability, and recoupment claims for this purported TILA violation. (<u>Id.</u> ¶¶ 27–36.) Defendants contend that Plaintiff's claims are barred by the statute of limitations and that equitable tolling does not apply. (Motion to Dismiss "MTD" at 5–7; Reply at 4–8.) Because the statute of limitations differs for each of these claims, the Court will address them separately.

_____

[2](...continued)
Motion to Dismiss. Additionally, contrary to Plaintiff's contention (Opp'n to MTD at 17), her participation in the Court's triage program does not affect whether her federal claims are barred by the statute of limitations.

[3] Defendants counter that the mortgage and note identify Mortgage Electronic Registration Systems, Inc. as the mortgagee and Express Capital Lending as the lender. (Motion to Dismiss "MTD" at 2.) Defendants assert that they were neither the original lender nor the original mortgagee; rather, the mortgage was assigned to Defendant OneWest Bank. (<u>Id.</u> at 2–3.) Because Defendants were assignees of the original mortgage and note, they contend that they cannot be liable for any of the disclosure violations. (<u>Id.</u> at 6–7.) The Court does not reach this issue because Plaintiff's TILA and RESPA claims are barred by the statute of limitations regardless of whether Defendants can be held liable as assignees.

A.      Rescission Under 15 U.S.C. § 1635

Section 1635(a), TILA's so-called buyer's remorse provision, gives

borrowers three business days to rescind the loan agreement without penalty.  15

U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699,

701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the

loan must be a consumer loan using the borrower's principal dwelling as security.

15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose

important terms accurately, Section 1635(f) gives the borrower the right to rescind

until "three years after the consummation of the transaction or . . . the sale of the

property, whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California,

784 F.2d 910, 913 (9th Cir. 1986).  Here, Plaintiff entered into the loan transaction

on October 5, 2006 (Compl. ¶ 13; MTD Ex. A)[4] and initiated the instant lawsuit on

July 12, 2010.  More than three years elapsed between the consummation of the

---

[4] Defendants submitted a copy of the subject mortgage as Exhibit A to their
Motion to Dismiss.  "[A] district court ruling on a motion to dismiss may consider
documents 'whose contents are alleged in a complaint and whose authenticity no
party questions, but which are not physically attached to the [plaintiff's]
pleading.'"  Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (quoting
Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)); see also Lee v. City of L.A.,
250 F.3d 668, 688 (9th Cir. 2001).  In the instant case, Plaintiff's entire complaint
revolves around the subject mortgage.  The mortgage is clearly essential to the
complaint, and neither party disputes its authenticity.  Accordingly, it is
appropriate for the Court to consider the mortgage itself when ruling on
Defendants' Motion to Dismiss.

loan and Plaintiff's invocation of her right to rescind.  Therefore, Plaintiff's claim is barred by the statute of limitations.

Plaintiff alleges in her complaint that she is entitled to equitable tolling based on Defendants' "fraudulent[] misrepresent[ation]" and "fraudulent concealment" of the terms of Plaintiff's loan.  (Compl. ¶¶ 79–80; see Opp'n to MTD at 8–9.)  Plaintiff's argument fails because equitable tolling does not apply to rescission under TILA.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); King, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions).

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to the TILA rescission claim.

B.     Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640.

Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, as stated above, Plaintiff entered into the loan transaction on October 5, 2006 and initiated the present lawsuit on July 12, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action.  Therefore, Plaintiff's claim is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or

13

nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915.

However, when a plaintiff fails to allege facts demonstrating that the plaintiff could

not have discovered the purported TILA violation with reasonable diligence,

dismissal is appropriate and equitable tolling will not apply. See Meyer v.

Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply

equitable tolling for failure to make required disclosures under TILA when the

plaintiff was in full possession of all loan documents and did not allege fraudulent

concealment or any other action that would have prevented discovery of the

violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding

that the plaintiff was not entitled to equitable tolling of her TILA claim because

"nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's

initial disclosures, and TILA's statutory and regulatory requirements").

   In this case, Plaintiff alleges that Defendants violated TILA by failing

to provide the initial truth in lending statement within three business days of the

initial application.  (Compl. ¶ 25.)  As in Meyer and Hubbard, Plaintiff fails to

allege any facts to demonstrate that equitable tolling applies.  Plaintiff's assertion

that Defendants "fraudulently misrepresented" (id. ¶ 79) and "fraudulent[ly]

conceal[ed]" (id. ¶ 80) the terms of Plaintiff's mortgage is conclusory and does not

justify application of equitable tolling.  Although elsewhere in the complaint

Plaintiff gives examples of specific instances of Defendants' alleged deceptive acts (id. ¶ 45) and fraud (id. ¶ 55), Plaintiff offers no explanation for why she was unable to discover the TILA violations within the one-year statutory period.  Even Plaintiff's Opposition to Defendants' Motion to Dismiss fails to meet this requirement because there she only argues that she was never provided with necessary documents and that Defendants engaged in predatory lending practices. (Opp'n to MTD at 9–10.)  These facts without more are insufficient for Plaintiff to invoke the doctrine of equitable tolling.

Furthermore, the Court is not persuaded by Plaintiff's argument that it is inappropriate to determine the applicability of equitable tolling in a motion to dismiss.  (See Opp'n to MTD at 8–9.)  Although this may be true as a general matter, see Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (finding that the applicability of equitable tolling "'is not generally amenable to resolution on a Rule 12(b)(6) motion'" because it often depends on matters outside the pleadings (quoting Cervantes v. City of San Diego, 5. F.3d 1273, 1276 (9th Cir. 1993))), it does not apply in the instant case because Plaintiff failed to

allege sufficient facts demonstrating entitlement to equitable tolling.[5]  As such, the

Court finds that equitable tolling does not apply.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as

to the TILA damages claim.

C.     Recoupment Under 15 U.S.C. § 1640

"[R]ecoupment is in the nature of a defense arising out of some

feature of the transaction upon which the plaintiff's action is founded."  Bull v.

United States, 295 U.S. 247, 262 (1935).  The Supreme Court has confirmed that

---

[5] District courts routinely deny equitable tolling for TILA damages claims in ruling on a motion to dismiss.  See Lingad v. Indymac Fed. Bank, 682 F. Supp. 2d 1142, 1147–48 (E.D. Cal. 2010) (finding that the plaintiffs' alleged TILA disclosure violation was too conclusory to invoke equitable tolling and failed to explain why the plaintiffs did not bring suit until more than three years after entering into the loan).  Although the Court does not cite to unpublished opinions as precedent, the following cases provide further illustration: Shim v. PNC Bank, N.A., 2010 WL 3566733, at *4 (D. Haw. Sept. 14, 2010) (holding that the plaintiff's "bald reliance on the equitable tolling doctrine, without more, is insufficient to toll the applicable limitation periods"); Durland v. Fieldstone Mortg. Co., 2010 WL 3489324, at *5 (S.D. Cal. Sept. 3, 2010) (refusing to invoke equitable tolling based on the plaintiff's assertion that the defendant fraudulently concealed the facts giving rise to the cause of action); Nichalson v. First Franklin Fin. Corp., 2010 WL 3505089, at *3 (E.D. Cal. Sept. 3, 2010) ("Plaintiff's lack of due diligence in failing to read the loan documents affords insufficient basis to invoke this Court's application of equitable tolling."); Sullivan v. JP Morgan Chase Bank, NA, 2010 WL 3505069, at *3 (E.D. Cal. Sept. 2, 2010) (finding that the plaintiffs were not entitled to equitable tolling when they failed to allege facts showing that they were prevented from discovering the alleged TILA violations within the one-year statutory period).

recoupment of damage claims survive TILA's one-year statute of limitations.

Beach, 523 U.S. at 418.  However, to circumvent the statute of limitations, the

recoupment claim must be asserted as a "defense" in an "action to collect a debt."

15 U.S.C. § 1640(e).  Some courts have held that for a recoupment claim to survive

a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation

and the debt are products of the same transaction; (2) the debtor asserts the claim

as a defense; and (3) the main action is timely."  Moor v. Travelers Ins. Co., 784

F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir.

1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ----, 2010 WL 1507975, at

*18 n.2 (D. Haw. Apr. 15, 2010).

On December 1, 2009, Defendant OneWest Bank filed notice of its

intent to conduct a nonjudicial foreclosure on Plaintiff's property.  (See Compl. ¶

7; Opp'n to MTD at 2.)  Plaintiff claims to assert the TILA disclosure violations

"as a defense to an action to collect a debt" whereby the "action to collect a debt"

is the nonjudicial foreclosure proceeding.[6]  (Opp'n to MTD at 6.)

Plaintiff provides no legal authority for her assertion that a nonjudicial

foreclosure is an "action to collect a debt" within the meaning of TILA.  Rather,

---

[6] It appears that Defendant OneWest Bank has not yet conducted the auction sale.  (See Compl. ¶ 71.)

Plaintiff merely states that "[a] non-judicial foreclosure is an action contemplated by TILA because when lenders institute a non-judicial foreclosure action, the letters to the borrower reference that the action is to collect a debt." (Opp'n to MTD at 6.)  Contrary to Plaintiff's contention, district courts within this circuit have held that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e).  Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009) (holding that nonjudicial foreclosures are not "actions" as contemplated by TILA because "actions" refer to judicial proceedings).[7]

---

[7] In reaching the conclusion that a nonjudicial foreclosure is not an "action" that survives TILA's statute of limitations, the court in Ortiz reviewed the wording of TILA as well as California state law.  Ortiz, 639 F. Supp. 2d at 1165.  With regard to TILA, the court concluded the Section 1640(e) itself defines an "action" as a court proceeding because it states "'[a]ny action . . . may be brought in any United States district court, or in any other court of competent jurisdiction.'"  Id. (quoting 15 U.S.C. § 1640(e)).  The court also examined California state law, which indicates that an "action" to recover a debt secured by a mortgage on real property results in a judgment from the court directing the sale of the property and distributing the resulting funds.  Id.  Similarly, Hawaii Revised Statute Section 667-1 provides that a "foreclosure by action" occurs when the circuit court assesses the amount due on a mortgage and renders judgment for the amount awarded.  Haw. Rev. Stat. § 667-1.  Conversely, a "foreclosure under power of sale," or nonjudicial foreclosure, occurs when the mortgagee forecloses pursuant to the power of sale contained in the mortgage.  Id. § 667-5.  Thus, in Hawaii, a foreclosure by "action" requires a judicial proceeding whereas a nonjudicial foreclosure does not.  The Ortiz court's reasoning clearly applies to the instant case, and the Court finds that a nonjudicial foreclosure is not an "action to collect a

(continued...)

Additionally, Plaintiff's conclusory statement that she is asserting the TILA violations as a "defense" is insufficient to prove as much.  In <u>Ortiz</u>, after the lender filed notice of a nonjudicial foreclosure, but before the sale took place, the plaintiff initiated a lawsuit alleging TILA violations and attempting to assert a recoupment defense.  <u>Id.</u>  On these facts, the court concluded that "'[w]hen the debtor hales the creditor into court, the claim by the debtor is affirmative rather than defensive.'" <u>Id.</u> (quoting <u>Moor</u>, 784 F.2d at 634).  In this case, there is no evidence that Defendants have initiated any sort of court proceeding against Plaintiff.  Plaintiff's affirmative use of her claim for recoupment is improper and not within the scope of the TILA exception, which permits recoupment as a defensive claim only.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to the TILA recoupment claim.

II.    <u>Real Estate Settlement Procedures Act Violations</u>

Count III of the Complaint alleges that Defendants violated RESPA by failing to provide the initial good faith estimate within three business days of the initial application and by executing a settlement statement more than one

---

[7](...continued)
debt" within the meaning of Section 1640(e).

month after the mortgage and note.  (Compl. ¶¶ 37–40.)  Defendants assert that

Plaintiff's claims are barred by the statute of limitations and that equitable tolling

does not apply.  (MTD at 8; Reply at 8–9.)

RESPA imposes either a one-year or a three-year statute of limitations

depending on the violation alleged.  12 U.S.C. § 2614 (proscribing a one-year

statute of limitations for violations of Sections 2607 and 2608 and a three-year

statute of limitations for violations of Section 2605).  Because Plaintiff's alleged

RESPA claim arose out of the loan origination, which occurred more than three

years before Plaintiff filed the instant action, Plaintiff's claim is barred by the

statute of limitations.  As discussed above, Plaintiff is not entitled to equitable

tolling because she has failed to allege specific facts showing why she could not

bring her suit within the limitations period.

Furthermore, Plaintiff's RESPA claims would fail even if they were

not barred by the statute of limitations because the alleged disclosure violations do

not give rise to a private right of action.  See Collins v. FMHA-USDA, 105 F.3d

1366, 1368 (11th Cir. 1997) (noting that neither the legislative history nor the

statutory text reveals congressional intent to create a private right of action for

violations of Section 2604(c), failure to provide the initial good faith estimate);

Pressman v. Meridian Mortg. Co., 334 F. Supp. 2d 1236, 1242 n.4 (D. Haw. 2004);

Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal.

2009) (holding that there is no private right of action for disclosure violations

under either Section 2603 or Section 2604); Delino v. Platinum Cmty. Bank, 628

F. Supp. 2d 1226, 1232–33 (S.D. Cal. 2009) (citing Collins and dismissing the

plaintiff's RESPA claim on the ground that no private right of action exists for

failure to provide an initial good faith estimate).

     Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as

to the RESPA claims.

III.    <u>State Law Claims</u>

     Plaintiff's remaining grounds for relief are all state law claims.  A

court may decline to exercise supplemental jurisdiction in certain circumstances,

including when the district court has dismissed all claims over which it had

original jurisdiction.  28 U.S.C. § 1367(c)(3).  Dismissal of the remaining state law

claims without prejudice is proper when all of the federal claims have been

dismissed.  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f

the federal claims are dismissed before trial, even though not insubstantial in a

jurisdictional sense, the state claims should be dismissed as well."); <u>Ove v. Gwinn</u>, 264 F.3d 817, 826 (9th Cir. 2001).  In light of the relatively early stage of this litigation, and that only questions of state law remain, the Court finds that declining supplemental jurisdiction over the state claims and dismissing them without prejudice is appropriate.[8]

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to the state law claims.

---

[8] Plaintiff asserts that she only invokes supplemental jurisdiction over Count IV of the complaint, which alleges unfair or deceptive acts or practices.  (Compl. ¶¶ 8, 41–52.)  Although Plaintiff does not specifically allege a jurisdictional basis for her remaining state law claims, she identifies 28 U.S.C. § 1337 as a possible jurisdictional base.  (<u>Id.</u> ¶ 8.)  This provision will not save Plaintiff's state law claims from dismissal because it provides the district court with original jurisdiction over civil actions or proceedings that arise under any Act of Congress regulating commerce.  <u>See</u> 28 U.S.C. § 1337.  Plaintiff's state law claims do not arise under an "act of Congress regulating commerce."  As such this Court does not have jurisdiction over the claims on this basis.

<u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** Defendants'

Motion to Dismiss Complaint (Doc. # 7) and **DENIES AS MOOT** Plaintiff's

Motion for Partial Summary Judgment (Doc. # 9).

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, September 27, 2010.

_____
David Alan Ezra
United States District Judge

<u>Ono-Yamaguchi v. IndyMac Mortgage Services et al.</u>, Cv. No. 10-00386 DAE
LEK; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS
COMPLAINT; AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT